# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **TERESITA A. CANUTO,** | ) | |
| **Plaintiff,** | ) | |
| v. | ) | Case No. 17-cv-00979 (APM) |
| **DEPARTMENT OF DEFENSE, et al.,** | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION

This matter comes before the court on review of Plaintiff Teresita Canuto's Amended Complaint against Defendants Department of Defense, Department of Homeland Security, Office of the President, and the Attorney General of the United States (collectively the "federal Defendants"); National Kidney and Transplant Institute ("NKTI"), a medical facility in the Philippines; and Bank of America, N.A. Plaintiff proceeds pro se. Defendant Bank of America has moved to dismiss all the claims against it. *See* Def. Bank of Am., N.A.'s Mot. to Dismiss, ECF No. 8. The court dismisses Plaintiff's Amended Complaint sua sponte against all federal Defendants and NKTI for failure to comply with the Federal Rules of Civil Procedure and grants Defendant Bank of America's Motion to Dismiss on the ground that the single claim alleged against it was already fully adjudicated in another proceeding.

The court has reviewed Plaintiff's Amended Complaint against the federal Defendants and NKTI and concludes that it falls short of satisfying Rule 8's basic requirements. Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement" of the basis for the court's jurisdiction; "a short and plain statement" of the pleader's claim, showing she or he is entitled to relief; and a demand for relief. *See* FED. R. CIV. P. 8(a). The

purpose of this minimum pleading standard is to give fair notice to the defendant of the claims being asserted, such that the defendant can prepare a responsive answer and adequate defense, as well as determine whether the doctrine of res judicata applies. *Butler v. Cal. St. Disbursement Unit*, 990 F. Supp. 2d 8, 9 (D.D.C. 2013). Pleadings filed by pro se litigants are held to less stringent standards than those filed by lawyers, but all litigants must comply with the Federal Rules of Civil Procedure. *See Moore v. Agency for Int'l Dev.*, 994 F.2d 874, 876 (D.C. Cir. 1993). Here, the Amended Complaint consists of wide-ranging, conclusory statements that provide none of the federal Defendants or NKTI notice of the claims against them. Plaintiff describes the deaths of several family members, a separate legal claim pending before the United States Court of Federal Claims, theft of her personal belongings and research materials from her car and apartment, and being the victim of stalking and sexual assault, but does not make any allegation that the federal Defendants or NKTI are legally responsible for that conduct, in whole or in part. *See* Am. Compl., ECF No. 5 [hereinafter Am. Compl.], at 11–23. Although Plaintiff seeks $600,000,000 in compensatory damages and $800,000,000 in punitive damages, *see id.* at 22, she has not identified any basis for that request. Finally, although Plaintiff holds NKTI responsible for her brother's death, *see id.* at 12, she offers no basis for this court to exercise jurisdiction over that Philippines-based medical facility.

      The only allegations against Defendant Bank of America are barred by claim preclusion. A plaintiff is barred from pursuing a claim against a defendant when she already received a judgment on the merits in a prior suit on the same claim against the same defendant. *See Apotex, Inc. v. FDA*, 393 F.3d 210, 217 (D.C. Cir. 2004). "Whether two cases implicate the same cause of action turns on whether they share the same nucleus of facts." *Id.* (internal quotation marks omitted). Here, Plaintiff alleges that, in 2009, she had items stolen from her safety deposit box at

a Bank of America branch by one of the bank's employees. However, those allegations are the same ones that she brought against Bank of America in a case recently decided by Judge Sullivan. Paragraph 26 of Plaintiff's Amended Complaint in this matter states, in relevant part:

> That plaintiff opened a safebox deposit account at Bank of America (Panorama City branch). Box No. 00G2094-6 and size of the box was 2x5 inches. On 2005 plaintiff withdrew her WAMU savings plan 401k deposited the money inside the safebox together with important documents of plaintiff for safekeeping. On 2009 plaintiff noticed that many of her personal documents were gone in the safebox that includes the following: brown passport (Philippine passport) [sic] of plaintiff, original copy of divorce paper of husband, original copy of marriage contract of parents of plaintiff, original copy of plaintiff's certificate of employment in Premiere Development Bank, LGU (Local Government Unit in MPDO (Municipal Planning and Development Office), copy of Business Name/Registration of plaintiff for her jewelry business in Philippines (Therese Gems and Jewelries), but copy of correspondence from Special Master at U.S. Federal Court Claims, WA, D.C. remained in the safebox. Plaintiff made a complaint at the time of discovery to the bank but instead the employee plaintiff made a complaint become upset [sic] and angry. Plaintiff closed the safebox and removed the remaining papers in there. The bank's employee trespass [sic] and access [sic] and stole plaintiff's belongings inside the safebox. Afterwards, plaintiff noticed that little by little plaintiff's privacy was invaded by many people. . . .

Am. Compl. at 21–22. Meanwhile, Plaintiff's allegations against Bank of America in Judge Sullivan's case read, in relevant part, as follows:

> Plaintiff opened a safebox deposit account at Bank of America. Box No. 00G2094-6 and size of the box was 2 x 5 inches. On 2005 plaintiff withdrew her WAMU savings plan 401K and deposited the money inside the safebox together with important documents of plaintiff for safekeeping. On 2009, plaintiff noticed that many of her personal documents were gone in the safebox that includes the following: brown passport(Philippine passport) [sic] of the plaintiff, original copy of divorce paper of Darius Canuto, original copy of marriage contract of the parents of plaintiff, origin- [sic] copy of plaintiff's certificate of employments [sic] in Premiere Development Bank (Philippines) and Local Gov't. Unit. MPDO (Municipal Planning and Development Office), Copy of Business Name/Business Registration of plaintiff for her jewelry business in

3

> the Philippires [sic] (Therese Gems and Jewelries), but copy of the letter of counsel for vaccine claim was not take and remained in safebox as well as the letter received from Special Master Hastings of U.S. Federal Court of Claims, WA, DC. Plaintiff made a complaint at the time of discovery to the bank but instead the employee plaintiff made the complaint became upset and angry. Plaintiff closed the safebox and removed the remaining papers in there. The bank's employee trespass and access and took or stole plaintiff's private belongings inside the safebox. Afterwards, plaintiff noticed that little by little plaintiff's privacy was invaded by many people. . . .

Am. Compl., *Canuto v. Mattis*, No. 16-8828, 2017 WL 3437662 (D.D.C. Aug. 10, 2017), ECF No. 10, at 11–12; *see also id.* at 40. There can be no doubt that these cases involve the same nucleus of facts. It is clear from this cross-comparison of the operative complaints that Plaintiff's allegations are identical—in each case, she alleges a purported theft of the same items, from the same serial box, in the same year. Judge Sullivan granted Bank of America's Motion to Dismiss that claim against Bank of America because it was barred by the applicable limitations period. *See Canuto*, 2017 WL 3437662, at *8–11. Consequently, Plaintiff has had a full and fair opportunity to litigate her claim against Bank of America, and she cannot seek another opportunity to do so here. *See Apotex*, 393 F.3d at 217.

In light of the foregoing, the court grants Defendant Bank of America's Motion to Dismiss and dismisses the remainder of the Amended Complaint sua sponte. Plaintiff's Amended Complaint neither contains a "short and plain statement" of the court's jurisdiction and material facts, nor conveys the nature of the dispute against the federal Defendants or NKTI. Additionally, the only claim that arguably meets Rule 8's requirements—the one against Bank of America—is barred by claim preclusion. Therefore, the court dismisses Plaintiff's Amended Complaint. As there is no longer an operative complaint in this matter, the court also denies as moot Plaintiff's

motions to add two defendants.  *See* Pl.'s Mot. to Add One More Def., ECF No. 11; Pl.'s Mot. for Leave to Add One More Def., ECF No. 13.

An Order consistent with this Memorandum Opinion will issue separately.

Date:  October 13, 2017

Amit P. Mehta
United States District Judge